UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CINDY L. KIROUAC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:11-cv-00423-JAW |
| | ) | |
| PATRICK R. DONAHOE, | ) | |
| | ) | |
| Defendant. | | |

**ORDER ON APPEAL OF MAGISTRATE JUDGE DECISION**

In this hotly-contested civil action, Cindy L. Kirouac strenuously objects to the Magistrate Judge's dismissal without prejudice of Postmaster General Patrick R. Donahoe's (Postmaster) motion to dismiss. *Appeal of Magistrate Judge's Orders (1) Striking without Prejudice Mot. for Issue Preclusion, and (2) Terminating Show Cause Order* (ECF No. 53) (*Appeal*). This motion bears a word of explanation because a party typically does not object to a court's dismissal of her opponent's motion to dismiss.

On November 7, 2011, Ms. Kirouac filed a five-count complaint against the Postmaster, alleging that the Postal Service had engaged in disability discrimination, had subjected her to a hostile work environment, and had retaliated against her when she complained about sexual harassment and disability discrimination. *Compl.* (ECF No. 1). After some discovery, on July 13, 2012, the Postmaster filed a motion for issue preclusion regarding termination for just cause. *Mot. for Issue Preclusion* (ECF No. 21). In its motion to dismiss, the Postmaster

attempted to raise the potential preclusive impact of a decision of Arbitrator Michael Pecklers on the question of whether the Postal Service terminated Ms. Kirouac's employment for good cause. *Id.* at 1. In her 6-page response, Ms. Kirouac questioned "what type of motion is before the Court." *Pl.'s Opp'n to Def.'s Mot. for Issue Preclusion* at 1 (ECF No. 35). In particular, she wondered whether the Postmaster was filing a motion for summary judgment under the guise of a motion to dismiss. *Id.* On August 2, 2012, in *Palmquist v. Shinseki*, 689 F.3d 66 (1st Cir. 2012), the First Circuit adopted the view that the Rehabilitation Act "requires retaliation to be the but-for cause of an adverse employment action in order for the plaintiff to obtain a remedy." *Id.* In light of *Palmquist*, the Postmaster conceded in his reply that the *Palmquist* case "has effectively converted this non-dispositive motion into a dispositive motion." *Reply to Resp. Regarding Issue Preclusion* (ECF No. 39).

The Postmaster's comment provoked the Magistrate Judge to issue on August 20, 2012 an Order to Show Cause as to why the motion to dismiss should not be struck. *Order to Show Cause* (ECF No. 43). On the same day, the Postmaster quickly conceded that the question of collateral estoppel should be decided in the context of a motion for summary judgment and agreed that the motion for issue preclusion should be stricken without prejudice. *Resp. to Order to Show Cause* (ECF No. 44). The next day, the Magistrate Judge struck the motion for issue preclusion without prejudice and terminated the Order to Show Cause. *Order* (ECF No. 45, 46). On the same day, the Postmaster filed a Notice of Intent to File

Summary Judgment Motion. *Notice of Intent to File Summary J. Mot.* (ECF No. 48).

Surprisingly, Ms. Kirouac appealed the Magistrate Judge's Order dismissing the motion to dismiss without prejudice and terminating the Order to Show Cause. *Appeal* at 1.  Claiming that she expended "65 hours of attorney time," she accused the Postmaster of being "disingenuous" in claiming that *Palmquist* affected the type of the motion that should have been filed, asserted that the Court has "routinely denied with prejudice such motions because of procedural deficiencies and objects to the Defendant being treated differently." *Id.* at 3.  On September 19, 2012, the Postmaster responded. *Resp. to Appeal of Magistrate Judge Decision* (ECF No. 70).

It is difficult to understand why Ms. Kirouac is so irritated with the Magistrate Judge's decision to dismiss without prejudice the Postmaster's motion to dismiss.  After all, the Magistrate Judge dismissed the motion to dismiss in her favor.  Even though she was required to respond to a motion that was ultimately struck, most litigants would count the striking of such a motion as a victory and move on.  Furthermore, the Postmaster is in the process of filing a motion for summary judgment on the same theory and Ms. Kirouac has not claimed that she cannot apply the attorney time she spent in responding to the motion to dismiss to responding to the same issue raised in a motion for summary judgment.

What Ms. Kirouac seems to want is for the Court to punish the Postmaster for filing a motion to dismiss on an issue the Postmaster and the Court later determined would be more properly raised as a motion for summary judgment.

3

First, the Court rejects Ms. Kirouac's assertions of disingenuousness on the part of the Postmaster. It is not illogical for the Postmaster to have considered the arbitration award to have been an extrinsic document the authenticity of which was not disputed by the parties and that would have been subject to consideration in a motion to dismiss. *See Watterson v. Page.* 987 F.2d 1, 3-4 (1st Cir. 1993) ("[C]ourts have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to the plaintiffs' claim; for documents sufficiently referred to in the complaint"). Second, what if any legal effect the arbitration decision should have in this case is a serious question and merits careful consideration. In this Court's view, this issue should not be foreclosed because the Postmaster determined that he filed the wrong motion. Finally, as to Ms. Kirouac's suggestion that if the Court does not do what she says, the Court will be guilty of treating the Postmaster differently than other litigants presumably because the Postal Service is an arm of the Government, the Court firmly and unequivocally rejects any such implication.

In any event, whether to dismiss a motion with or without prejudice rests in the sound discretion of the Court. *See JRA Architects & Project Managers, P.S.C. v. First Fin. Grp., Inc.*, 375 F. App'x 42, 43 (1st Cir. 2010); *Hartford Accident and Indem. Co. v. Irving Oil Corp.*, No. 1:11-cv-00075-JAW, 2011 U.S. Dist. LEXIS 113756, *4-5 (Sept. 30, 2011). Federal Rule of Civil Procedure 72(a) empowers a magistrate judge to "hear and decide" non-dispositive pre-trial matters, FED. R. CIV. P. 72(a), authority that echoes the magistrate judge's statutory authority. 28 U.S.C.

§ 636(b)(1)(A).  If the matter is non-dispositive, to overturn the order the reviewing court must determine that the order was "clearly erroneous or is contrary to law," an especially difficult burden when the magistrate judge has issued a discretionary ruling.  FED. R. CIV. P. 72(a).  Here, the Magistrate Judge's decision to strike the motion to dismiss without prejudice is neither "clearly erroneous" nor "contrary to law" and the Court affirms the Order.

The Court DENIES the Plaintiff's Appeal of Magistrate Judge's Orders (1) Striking without Prejudice Motion for Issue Preclusion, and (2) Terminating Show Cause Order (ECF No. 53) and AFFIRMS the Magistrate Judge's Order (ECF No. 45) striking without prejudice the Defendant's Motion for Issue Preclusion (ECF No. 21).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 25th day of September, 2012