UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CINDY L. KIROUAC,              )<br>                                              )<br>     Plaintiff,                        )<br>                                              )<br>v.                                           )     2:11-cv-00423-JAW<br>                                              )<br>PATRICK R. DONAHOE,       )<br>                                              )<br>     Defendant.                    ) | |

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE
A LOCAL RULE 56(e) RESPONSE**

The latest dispute in this discrimination and retaliation claim against the Postal Service involves whether Local Rule 56(e) allows a non-movant to respond to the movant's evidentiary objections to the non-movant's statement of additional material facts. *Pl.'s Mot. for Leave to File a Local Rule 56(e) Resp. to Def.'s Evid. Objections* (ECF No. 122) (*Pl.'s Mot.*); *Def.'s Opp'n to Pl.'s Mot. for Leave to File a Local Rule 56(e) Resp.* (ECF No. 123) (*Def.'s Opp'n*).

On October 19, 2012, the Postal Service moved for partial summary judgment on Count V of Ms. Kirouac's Complaint, which alleges that the Postal Service improperly terminated her employment due to a belief that she presented a safety risk to others in the Postal Service environment. *Def.'s Mot. for Partial Summ. J.* (ECF No. 85); *Compl.* ¶¶ 406-12 (ECF No. 1). With the motion, the Postal Service filed a statement of material facts consisting of eighteen paragraphs. *Def.'s Statement of Undisputed Material Facts* (ECF No. 87). On November 13, 2012, Ms. Kirouac responded to the Postal Service's motion and filed a response to the Postal

Service's statement of material facts; she also filed a set of additional material facts consisting of eighty-five paragraphs. *Pl.'s Opp'n to Def.'s Mot. for Partial Summ. J.* (ECF No. 113); *Pl.'s Resp. to Def.'s Statement of Material Facts and Pl.'s Statement of Additional Material Facts* (ECF No. 104) (PSAMF). On November 30, 2012, the Postal Service replied to Ms. Kirouac's response to the motion for summary judgment and also replied to her statement of additional material facts. *Def.'s Reply to Pl.'s Opp'n to the Mot. for Partial Summ. J.* (ECF No. 120); *Def.'s Reply to Pl.'s Statement of Additional Facts* (ECF No. 121).

After reviewing the Postal Service's response to her statement of additional facts, Ms. Kirouac moved for leave to file a response to the Postal Service's response to her additional statement of facts. *Pl.'s Mot.* at 1-3. Ms. Kirouac points to two contrasting decisions of this Court: one in which the non-movant's response to the movant's evidentiary objections to the non-movant's statement of material fact was described as "an unnecessary and unwelcome document" and another in which the court ruled on the non-movants' objections. *Compare Richardson v. Friendly Ice Cream Corp.*, No. 07-216-P-S, 2008 U.S. Dist. LEXIS 71851, at *8-10 (D. Me. Sept. 19, 2008), *with Madigan v. Webber Hosp. Assoc.*, No. 2:11-cv-94-JAW, 2012 U.S. Dist. LEXIS 140188, at *76 n.50 (D. Me. Sept. 28, 2012). Acknowledging that the Local Rule does not expressly allow a response in absence of a motion to strike, Ms. Kirouac views the objections as the "functional equivalent" of motions to strike and seeks an opportunity to respond to them. *Pl.'s Mot.* at 1.

Pointing to the language of Local Rule 56(e), the Postal Service observes that Rule 56(e) provides that a party "may respond to a request to strike," but it contends that absent such a request, the Rule does not authorize the filing of a Local Rule 56(e) response. *Def.'s Opp'n* at 1. The Postal Service relies on the court's comments in *Richardson* that absent a motion to strike, Local Rule 56(e) does not contemplate such an additional filing and the court may "rule on objections . . . without the further assistance of counsel." *Id.* at 1-2 (quoting *Richardson*, 2008 U.S. Dist. LEXIS 71851, at *10). The Postal Service rejects *Madigan* as authority for a broad proposition that Rule 56(e) authorizes such a filing. *Id.* at 2.

The Court dismisses Ms. Kirouac's motion without prejudice. For the reasons well articulated in *Richardson*, the Court agrees with the view that Rule 56(e) does not authorize the filing of responses to evidentiary objections absent a motion to strike. D. ME. LOC. R. 56(e) ("A party may respond to a request to strike . . . if the request was made in a reply statement of material facts, by filing a response within 14 days"). Here, the Postal Service did not file a motion to strike and therefore Ms. Kirouac does not have the right under Local Rule 56(e) to file an additional document.

The reason the Court is dismissing the motion without prejudice, however, is that as the Court performs its detailed review of Ms. Kirouac's statement of material facts and the Postal Service's objections, if the Court concludes it would benefit from hearing from Ms. Kirouac, it may order her to respond, regardless of Local Rule 56(e). Here, the Court's initial review of the statements and objections

suggests that no such response will be necessary. The Postal Service's objections are garden variety evidentiary objections on such bases as lack of foundation, vagueness, overbreadth, lay and expert opinion testimony, and hearsay, none of which appears to present any unusual issues. *See Def.'s Reply to Pl.'s Statement of Additional Facts.*

With this said, the Court notes that the Postal Service outright admitted only eighteen of Ms. Kirouac's eighty-four paragraphs.[1] As the Court warned the Postal Service at the Pre-filing Conference, a movant's excessive quibbling about the non-movant's proposed facts sends a strong signal that there are material facts that preclude summary judgment in the movant's favor. By its response, the Postal Service has succeeded in highlighting its disagreement with a host of Ms. Kirouac's facts and of course only one disputed fact must be material to cause the Postal Service's motion to fail.

The Court DISMISSES without prejudice the Plaintiff's Motion for Leave to File a Local Rule 56(e) Response to Defendant's Evidentiary Objections (ECF No. 122).

SO ORDERED.

                                  /s/ John A. Woodcock, Jr.
                                  JOHN A. WOODCOCK, JR.
                                  CHIEF UNITED STATES DISTRICT JUDGE

Dated this 11th day of January, 2013

---

[1] Ms. Kirouac submitted eighty-five paragraphs in her statement of additional material facts but one is a duplicate. PSAMF ¶¶ 82, 85.