UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CINDY L. KIROUAC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:11-cv-00423-JAW |
| | ) | |
| PATRICK R. DONAHOE, | ) | |
| | ) | |
| Defendant. | | |

**ORDER ON DEFENDANT'S *DAUBERT* MOTION TO EXCLUDE TESTIMONY OF DR. CARLYLE VOSS**

In anticipation of trial, the Defendant seeks to exclude the proposed expert testimony of a psychiatrist on multiple grounds, including lack of foundation and lack of expertise. The Court grants the motion only to prevent the psychiatrist from expressing legal opinions; otherwise, the Court dismisses the motion without prejudice.

**I.  STATEMENT OF FACTS**

On May 31, 2012, Cindy L. Kirouac designated Carlyle B. Voss, M.D. as an expert witness at trial. *Pl.'s Opp'n to Def.'s* Daubert *Mot. to Exclude Test. of Dr. Carlyle Voss* Attach. 1, *Pl.'s Expert Witness Designation* (ECF No. 89-1). Her designation revealed that Dr. Voss is the Director of the Division of Forensic Psychiatry at Maine Medical Center in Portland, Maine and stated that "Dr. Voss is expected to testify concerning the psychiatric conditions Ms. Kirouac suffers from, causation of her conditions, aggravation of her conditions by factors of her employment with the United States Postal Service (USPS), her medical ability to

return to employment with the USPS, and her work capacity subsequent to her termination by the USPS." *Id.* at 1-2. Ms. Kirouac's designation referred to Dr. Voss's report dated May 22, 2012, which she attached to the designation. *Id.*

On September 6, 2012, the Defendant moved to preclude Dr. Voss's anticipated testimony. *Def.'s* Daubert *Mot.* (ECF No. 55) (*Def.'s Mot.*). On October 19, 2012, Ms. Kirouac opposed the Defendant's motion. *Pl.'s Opp'n to Def.'s* Daubert *Mot. to Exclude Test. of Dr. Carlyle Voss* (ECF No. 86) (*Pl.'s Opp'n*). On October 23, 2012, the Defendant replied to Ms. Kirouac's response. *Reply to Pl.'s Opp'n to the Def.'s* Daubert *Mot.* (ECF No. 95) (*Def.'s Reply*).

## II. THE PARTIES' POSITIONS

### A. The USPS Motion

In its *Daubert* motion, the USPS raises five issues with Dr. Voss's proposed testimony that it contends render his testimony inadmissible: (1) that Dr. Voss spent limited time in the case, (2) that Dr. Voss reviewed limited data, (3) that Dr. Voss has limited expertise, (4) that Dr. Voss made credibility determinations, and (5) that Dr. Voss's opinions are based on factual misunderstandings. *Def.'s Mot.* at 2-6.

### B. Cindy L. Kirouac's Response

In response, Ms. Kirouac defends Dr. Voss's expertise as a psychiatrist. *Pl.'s Opp'n* at 2-3. She itemizes the foundational information upon which Dr. Voss relied in forming his opinions, including nineteen separate sources of information, extensive medical records, a four and one-half hour psychiatric evaluation, a

consultation with Ms. Kirouac's vocational rehabilitation expert, the allegations in her pending Complaint, and records related to her workers' compensation claim. *Id.* at 3-4. She defends the time Dr. Voss devoted to the case and his methodology, including the data he reviewed. *Id.* at 4-5. She also disputes the USPS's contentions that Dr. Voss must have experience with the USPS operations, that he made inappropriate credibility determinations, and that his opinions are based on factual misunderstandings. *Id.* at 6-9. Finally, she distinguishes the USPS's caselaw on the ground that it does not involve the testimony of medical experts. *Id.* at 9-10.

### C. The USPS Reply

In its reply, the USPS observes that although it directed its motion to specific statements by Dr. Voss, Ms. Kirouac failed to respond to those statements. *Def.'s Reply* at 1-2. The USPS reiterates its view that "under the guise of testimony about 'psychological issues,' Kirouac has designated Dr. Voss to testify regarding workplace issues about which he has no basis, no expertise, and no methodology, and which will not assist the trier-of-fact." *Id.* at 4.

## III. DISCUSSION

Federal Rule of Evidence 702 governs the admissibility of expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case.

3

FED. R. EVID. 702. In *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), the Supreme Court assigned a gatekeeper role to the courts to assure that expert testimony is not introduced at trial unless the Rule's requirements have been met. "A judge exercising the gatekeeper role must evaluate whether the challenged expert testimony is based on reliable scientific principles and methodologies in order to ensure that expert opinions are not 'connected to existing data only by the *ipse dixit* of the expert.'" *Knowlton v. Bankers Life & Cas. Co.*, No. 1:09-cv-00334-MJK, 2012 U.S. Dist. LEXIS 1365, at *2-3 (D. Me. Jan. 6, 2012) (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)).

Here, most of the USPS's arguments against the admissibility of Dr. Voss's testimony run to the adequacy of the foundation for his expert opinions: whether he spent enough time on the case, whether he reviewed enough material, whether he understood the facts, whether he improperly made credibility determinations, and whether he knows enough about the USPS operation. "When the 'adequacy of the foundation for the expert testimony is at issue, the law favors vigorous cross-examination over exclusion.'" *Zuckerman v. Coastal Camps, Inc.*, 716 F. Supp. 2d 23, 28 (D. Me. 2010) (quoting *Carmichael v. Verso Paper, LLC*, 679 F. Supp. 2d 109, 119 (D. Me. 2010)). "If the factual underpinnings of [the expert's] opinions [are] in fact weak, that [is] a matter affecting the weight and credibility of their testimony." *Payton v. Abbott Labs.*, 780 F.2d 147, 156 (1st Cir. 1985).

Nor does the fact that Dr. Voss accepted Ms. Kirouac's version of the events in this case preclude his testimony. To express an opinion, an expert must typically

4

assume some set of facts and assuming one party's version as opposed to another's is not grounds for exclusion. In *Sommerfield v City of Chicago*, 254 F.R.D. 317 (N.D. Ill. 2008), the court observed that if an expert were forbidden from assuming one side's version of events, "virtually no expert could give an opinion unless the facts were not in dispute - - which almost never occurs." *Id.* at 321. None of these issues precludes Dr. Voss's testimony, but they are all fair game on cross-examination.

The USPS presents a second set of concerns. In his report, Dr. Voss expresses some expert opinions that are directed to the legal issues in this case. The line between permissible and impermissible opinions is illustrated by his third opinion:

> Cindy Kirouac's psychiatric disorders developed in the context of severe and continuous stress in the work place. She was exposed to a hostile work environment that was discriminatory.

*Voss Report* at 29 (ECF No. 56). The first sentence is permissible; the second is not. As a psychiatrist, Dr. Voss's views as to whether the workplace stress that Ms. Kirouac experienced at the USPS caused or contributed to her development of a psychological condition is well within his expertise. However, the next sentence in which he opines as to whether she was subjected to a hostile work environment and whether her work environment was discriminatory are legal conclusions beyond his expertise as a psychiatrist. Reviewing the parties' memoranda, the Court suspects that the parties do not disagree on this point. Ms. Kirouac represents:

> Dr. Voss was not asked to opine concerning whether the defendant engaged in conduct that meets the legal standards for unlawful

5

> discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* and the Rehabilitation Act of 1973 ("Rehabilitation Act"), 20 U.S.C. § 791 *et seq.*

*Pl.'s Opp'n* at 1-2. The Court interprets this sentence as assuring the USPS that she does not intend to present Dr. Voss as a legal expert and the Court urges Plaintiff's counsel to make certain that Dr. Voss understands the limits of his expertise.

There is a third set of issues. The USPS objects to Dr. Voss making such statements as Ms. Kirouac was "repeatedly subjected to disciplinary actions that were not done to other employees." *Def.'s Reply* at 1. This testimony fits within Rule 703, which—subject to some restrictions—allows the proponent of an expert to disclose to the jury the facts and data upon which the expert is relying so long as the probative value of the facts and data substantially outweighs their prejudicial impact. FED. R. EVID. 703. Here, as noted earlier, Dr. Voss has no personal knowledge of Ms. Kirouac's working conditions at the USPS and must accept her description of those conditions to form his opinions.

Nor is there anything particularly prejudicial about the jury learning that a plaintiff who is claiming workplace discrimination told a psychiatrist that she was discriminated against at work. Whether the jury credits Dr. Voss's opinions will depend, in part, on whether they credit the Plaintiff. A physician will typically take a history from the patient, will review what other doctors have assessed, will perform an examination, will order any necessary diagnostic tests, will then arrive at a diagnosis and treatment plan. Generally, unless a medical expert like Dr. Voss

6

is going to blurt out some wild allegation, the Court allows experts like him to tell the jury the history they received and to explain the bases for their professional diagnoses and conclusions. It will also allow USPS to explore with Dr. Voss that he has limited, if any personal knowledge, and that his professional opinions assume the truth of the history Ms. Kirouac related to him.

The USPS's final point is that Dr. Voss reviewed and relied on the allegations in Ms. Kirouac's Complaint and it contends that the Complaint is not a proper source of information for an expert opinion. *Def.'s Mot.* at 8; *Def.'s Reply* at 2-3. Dr. Voss's Independent Psychiatric Evaluation recites as part of Ms. Kirouac's history numerous factual allegations set forth in her Complaint. *Compare Compl.* ¶¶ 10-369, *with Dr. Voss Report* at 14-19. In general, documents prepared by lawyers for litigation, including complaints and deposition summaries, are not proper sources of facts for an expert to rely upon. *See Sommerfield*, 354 F.R.D. at 321-27, 332. In preparing such documents, lawyers are acting as advocates and, as advocates, counsel is "supposed to give the evidence a partisan slant." *Philips Med. Sys. Int'l, B.V. v. Bruetman*, 8 F.3d 600, 606 (7th Cir. 1993). As Justice Souter wrote, "a partisan scrutiny of the record and assessment of potential issues, goes to the irreducible core of the lawyer's obligation to a litigant in an adversary system." *Smith v. Robbins*, 528 U.S. 259, 293 (2000) (Souter, J., dissenting).

The USPS would have a point if it turns out that the allegations in Ms. Kirouac's Complaint are the sole source of the information upon which he is basing his opinions. In *Rowe Entm't, Inc. v. William Morris Agency, Inc.*, No. 98 Civ. 8272

7

(RPP), 2003 U.S. Dist. LEXIS 15976 (S.D.N.Y. Sept. 16, 2003), a court excluded the testimony of an expert who used an unverified database supplied solely by the plaintiff's lawyers to form his expert opinions. *Id.* at *13. The court observed that the expert's reliance on the information in the complaint in that case "does not constitute an independent validation of his results." *Id.* at *14.

Here, by contrast, most of the allegations in Ms. Kirouac's Complaint upon which Dr. Voss relied reflect Ms. Kirouac's own history and at trial, presumably she and perhaps others will take the stand and testify to what is factually alleged in the Complaint. At that point, Dr. Voss may properly rely on their version of the events in formulating his expert opinions. If it turns out that Dr. Voss relied on significant allegations in the Complaint that are not supported by evidence to form his opinions, the Court will cross that bridge, if and when it comes.

These evidentiary paths are well traveled and the Court urges the experienced counsel in this case to revisit Dr. Voss's proposed expert testimony with these road signs in mind. If it turns out that there remain some intractable issues concerning the admissibility of Dr. Voss's testimony, counsel should feel free to bring them to the attention of the Court for more specific rulings as trial nears. For the moment, the Court dismisses in part and grants in part the Defendant's *Daubert* motion. Dr. Voss is well qualified to testify as a psychiatrist; he is not at all qualified to testify as a lawyer.

8

## IV. CONCLUSION

The Court GRANTS in part and DENIES in part Defendant's *Daubert* Motion (ECF No. 55).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODOCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 16th day of January, 2013