# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

CINDY L. KIROUAC,         )
                              )
         Plaintiff,       )
                              )
v.                           )    Civil No. 2:11-cv-00423-NT
                              )
PATRICK R. DONAHOE    )
                              )
         Defendant.     )

# ORDER ON DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF PLAINTIFF'S WITNESSES

Before the Court is the Defendant's motion in limine ("**Def.'s Mot.**") (ECF No. 149) to preclude the testimony of seventeen proposed witnesses listed in the Plaintiff's pretrial memorandum (ECF No. 141). The Defendant points out that the Plaintiff failed to name the proposed witnesses in her initial disclosures,[1] which the Defendant served on the Plaintiff on March 29, 2012. *See* Attach. 1 to Def.'s Mot. 1, 11 ("**Initial Disclosures**") (ECF No. 149-1). The Defendant further claims that the Plaintiff "never amended her Initial Disclosure[s] to reference those new witnesses," Def.'s Mot. 3, as required by Federal Rule of Civil Procedure 26(e).[2] The Defendant

---

[1]    Federal Rule of Civil Procedure 26(a) requires the initial disclosures. It provides, in relevant part, that:

> [A] party must, without awaiting a discovery request, provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed. R. Civ. P. 26(a)(1)(A)(i).

[2]    Rule 26(e) provides, in relevant part, that:

argues that because the Plaintiff's purported omissions were neither "substantially justified" nor "harmless," the Court should bar these witnesses from testifying under Federal Rule of Civil Procedure 37(c).[3] In the alternative, the Defendant argues that, to the extent the Court allows these proposed witnesses to testify, the Court should order the Plaintiff to supplement her answer to the Defendant's seventh interrogatory, in which the Defendant requested information about the anticipated testimony of each individual listed in the Plaintiff's initial disclosures.[4] The Court **DENIES** the motion in part and **GRANTS** the motion in part.

The Defendant's assertion that the Plaintiff "never amended her Initial Disclosure[s]" is incorrect. In fact, the Plaintiff supplemented her initial disclosures three times: on May 22, June 15, and August 23 of 2012. Pl.'s Resp. to Def.'s Mot. In Limine to Exclude Trial Witnesses ¶ 2 ("**Pl.'s Resp.**") (ECF No. 178). On the last of

---

> A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e)(1)(A).

[3]     Rule 37(c) provides, in relevant part, that:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial . . . unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions . . . .

Fed. R. Civ. P. 37(c)(1).

[4]     In full, the Defendant's seventh interrogatory is as follows: "For each person listed in your initial disclosure, please state in full what you anticipate that person would likely say that would support any of your claims in this case."  Attach. 2 to Def.'s Mot. 8 (ECF No. 149-2).

these dates, when the Plaintiff served her Third Supplemental Initial Disclosures on the Defendant, she attached to it two long lists of people who worked at the Lewiston Post Office during the Plaintiff's term of employment and identified them as "individuals who are likely to have relevant discoverable information." Ex. 2. to Pl.'s Resp. 1-2, 5-6, 8-9 ("**Third Supplemental Initial Disclosures**").   Ten of the witnesses whose testimony the Defendant seeks to preclude were named on both lists: Robert Bosse, Mitchell Caron, David Cunningham, Anne Huston, Michael Parker, Michael Peaco, Roger Plante, Jr., Lisa Pugh, Norman Robataille, and Kathleen Stetson. *Id.* With respect to these witnesses, the central premise of the Defendant's argument—that the Plaintiff did not disclose the witnesses' identities in either her initial disclosures or any supplemental disclosures—fails.

When the Plaintiff supplemented her initial disclosures, she was obligated under Federal Rule of Civil Procedure 26(e) to supplement her answer to the Defendant's seventh interrogatory as well. Therefore, the Plaintiff must supplement her answer to the Defendant's seventh interrogatory and serve that answer on the Defendant within six days of this order, stating what she anticipates each of these ten witnesses will say that supports her claims.

With respect to the remaining seven witnesses, William Coutu, Thomas Harrison, Jean Lebrun, Aaron Mosher, Michael Nadeau, Michael Fox, and Jason Thompson, the Defendant correctly alleges that the Plaintiff failed to disclose these witnesses' identities at any time prior to filing her pretrial memorandum. However, this fact alone does not require the Court to bar their testimony. *Esposito v. Home*

*Depot U.S.A., Inc.*, 590 F.3d 72, 77 (1st Cir. 2009) ("Preclusion . . . 'is not a strictly mechanical exercise.'") (quoting *Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este*, 456 F.3d 272, 276 (1st Cir. 2006). Instead, "in its discretion, the . . . [C]ourt may choose a less severe sanction." *Id.* at 77-78. The First Circuit has suggested that the following five factors should guide the Court's exercise of its discretion:

> (1) the history of the litigation; (2) the sanctioned party's need for the precluded evidence; (3) the sanctioned party's justification (or lack of one) for its late disclosure; (4) the opponent-party's ability to overcome the late disclosure's adverse effects—e.g., the surprise and prejudice associated with the late disclosure; and (5) the late disclosure's impact on the district court's docket.

*Esposito*, 590 F.3d at 78; *see also Samaan v. St. Joseph Hosp.*, 274 F.R.D. 41, 48-50 (D. Me. 2011) (applying the five factors).

As for the first factor, it does not appear that the Plaintiff has a history of violating the Court's scheduling orders, *cf. Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46-47 (1st Cir. 2002); *Santiago-Diaz*, 456 F.3d at 276-77, or that the Plaintiff dragged her feet to gain an unfair tactical advantage. *See Esposito*, 590 F.3d at 79. However, the Plaintiff missed a long window of opportunity to make the required disclosures. This lawsuit was filed on November 7, 2011, *see* Pl.'s Compl. (ECF No. 1), almost a year and nine months before the Plaintiff revealed the names of these proposed witnesses in her pretrial memorandum, filed on July 31, 2013. *See* Pl.'s Pretrial Mem. (ECF No. 141)   Discovery between the parties continued for nearly a year, during which time the Court granted both the Plaintiff and the

Defendant numerous extensions of its original disclosure deadlines.[5] The Plaintiff had ample opportunity to figure out which individuals possessed information pertinent to her claims and alert the Defendant to their existence while discovery was still ongoing.

As to the second factor, the need for the evidence, the Plaintiff provides information only about witness Coutu, who is currently employed by the Defendant as its manager of Equal Employment Opportunity (EEO) compliance and appeals for the Northeast. The Plaintiff plans to call Coutu to present general information about the Defendant's EEO procedures and policies. Pl.'s Resp. ¶ 6. As for Harrison, Lebrun, Nadeau, and Thompson, the Plaintiff still has not indicated the nature of their expected testimony other than the most general description that they are minor fact witnesses. Pl.'s Resp. ¶ 8. The Plaintiff has agreed to drop Mosher and Fox from her final witness list altogether. Pl.'s Resp. ¶ 9.

As to the third factor, the Plaintiff offered no explanation for the delay whatsoever. The fourth factor is the opponent-party's ability to overcome the late disclosure's adverse effects. The Plaintiff's failure deprived the Defendant of adequate notice and an opportunity to take discovery, leaving it less able to prepare its defense for trial than it would have been had the Plaintiff followed the rules. Only Coutu is currently an employee of the Postal Service and it is not clear to the

---

[5]    *See, e.g.,* Scheduling Order (ECF No. 11); Order Granting Without Objection Mot. to Amend Scheduling Order (ECF No. 12); Order Granting Without Objection Mot. to Extend Time (ECF No. 15); Order Granting Without Objection Mot. to Amend Scheduling Order (ECF No. 20); Order Granting In Part Mot. to Extend Time (ECF. No. 34); Order Granting Without Objection Mot. to Extend Time (ECF No. 41); Order Granting Without Objection Mot. to Extend Time (ECF No. 42); Order Granting Mot. to Extend Time to File Local Rule 56(h) Mem. to 8/31/12 and Respond to Written Disc. Reqs. on 8/30/12 (ECF No. 51); Order Granting Without Objection Mot. to Extend Time (ECF No. 74).

5

Court that the Defendant has access to the other six witnesses. The fifth factor, the late disclosure's effect on the court's docket, appears to be neutral, because the parties do not contemplate any further discovery or disruption of the existing trial schedule.

With respect to Coutu, the Court concludes that the Plaintiff has adequately identified a need for his testimony. Because Coutu is currently working for the Postal Service and will testify to general facts about the EEO process, the Court views the Plaintiff's omission of Coutu as harmless. As to the other six witnesses who were not identified at all in the Initial Disclosures, the Court concludes that the Plaintiff has not met her burden of establishing the need for any of these witnesses and has not offered any justification for her omission. Nor has the Plaintiff established that her lapse did not harm the Defendant. On balance, the *Esposito* factors weigh in favor of preclusion of Harrison, Lebrun, Mosher, Nadeau, Fox, and Thompson. For these reasons, their testimony is excluded, except for rebuttal or impeachment.

In sum, the Court **DENIES** the Defendant's motion to preclude the testimony of Robert Bosse, Mitchell Caron, William Coutu, David Cunningham, Anne Huston, Michael Parker, Michael Peaco, Roger Plante, Jr.,  Lisa Pugh, Norman Robataille, and Kathleen Stetson but **ORDERS** the Plaintiff to supplement her answer to the Defendant's seventh interrogatory with respect to these witnesses by **<u>Monday, October 28, 2013</u>**. The Court also **GRANTS** the Defendant's motion to preclude

the testimony of Thomas Harrison, Jean Lebrun, Aaron Mosher, Michael Nadeau,

Michael Fox, and Jason Thompson, except for rebuttal or impeachment purposes.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 22nd day of October, 2013.

7