# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| CINDY L. KIROUAC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 2:11-cv-00423-NT |
| | ) |
| PATRICK R. DONAHOE, | ) |
| *Postmaster General, United States* | ) |
| *Postal Service,* | ) |
| | ) |
| Defendant. | ) |

## ORDER ON THE DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE REGARDING PLAINTIFF'S MEDICAL EXPENSES

Before the Court is the Defendant's motion in limine ("**Def.'s Mot.**") (ECF No. 148) to preclude the Plaintiff from offering evidence at trial regarding approximately $5,000 in medical expenses the Plaintiff claims she incurred or will incur as a result of psychiatric injury and emotional distress allegedly caused by the Defendant's discriminatory actions. Def.'s Mot. 1-2. The Court **GRANTS** the Defendant's motion.

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires a plaintiff to include in his or her initial disclosures "a computation of each category of damages claimed" and to "make available for inspection and copying . . . the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]" Neither party cites to any other rules—or, for that matter, any other source of law. However, two further procedural rules are relevant. Federal

Rule of Civil Procedure 26(e)(1) requires a party to supplement his or her Rule 26(a) disclosures "in a timely manner" if two conditions are met: (1) "the party learns that in some material respect the disclosure . . . is incomplete or incorrect"; and (2) "the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Federal Rule of Civil Procedure 37(c) empowers the Court to sanction parties that fail to follow these rules. In relevant part, it provides as follows:

> If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>   (A)  may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>   (B)  may inform the jury of the party's failure; and
>   (C)  may impose other appropriate sanctions . . . .

Fed. R. Civ. P. 37(c)(1).

In the Plaintiff's initial disclosures, sent to the Defendant by letter on March 29, 2012, she included the following paragraph under the heading "Computation of Any Category of Damages pursuant to Federal Rule of Civil Procedure [26(a)(1)(A)(iii)]":

> Ms. Kirouac's damages include $300,000 in compensatory damages pursuant to Title VII and the Rehabilitation Act. In addition, she is entitled to lost wages and benefits for the time periods she was required to take stress leave as well as dating from her June 2008 removal from the USPS. She is further claiming lost wages and benefits until an age of retirement. These amounts will be calculated by an economist.

Attach. 1 to Def.'s Mot. 10[1] (ECF No. 148-1) ("**Initial Disclosures**"). Nowhere in the Initial Disclosures did the Plaintiff mention that she would be seeking reimbursement for any specific medical expenses. *See id.*

On May 27, 2012, the Plaintiff provided the Defendant an economic report, prepared by experts Randall E. Dunham and Laura S. O'Keefe, which calculated the damages she would be claiming. Def.'s Mot. 1; Attach 2 to Def.'s Mot. 1-23 (ECF No. 148-2) ("**Economic Report**"). The Economic Report's cover letter includes a comprehensive list of the sources that Dunham and O'Keefe relied on, including information on a public website about postal workers' benefits, the provisions of a collective bargaining agreement between the Postal Service and the National Association of Letter Carriers, general economic data and projections, and a report prepared by a vocational rehabilitation counselor about how the Plaintiff's damages will affect her ability to make a living in the future. Economic Report 2-3. The list of sources does not include documentation of any specific medical expenses, nor does the body of the report account for any specific medical expenses. *See id.* at 2-6.

In the Plaintiff's response to the Defendant's motion, she asserts that she served a second comprehensive economic report on the Defendant. Pl.'s Resp. to Def.'s Mot. In Limine to Preclude Special Damages 1 (ECF No. 183) ("**Pl.'s Resp.**"). That report is not before the Court, as the Plaintiff did not attach it to her response or describe it in any way. *See id.*

---

[1]   This pincite is to the ECF page number found in the page's header, not to the original document page number found in the document's footer.

3

At a pretrial conference held before United States Magistrate Judge John H. Rich III on August 7, 2013, the Plaintiff disclosed, apparently for the first time, that she would be seeking redress for "approximately $5,000 in medical expenses." Report of Pretrial Conference and Order 2 (ECF No. 143) ("**Pretrial Conference Report**"); Def.'s Mot. 1. In his subsequent report and order, Judge Rich recorded that the Plaintiff's theory of recovery for these expenses was "[c]ausation and exacerbation of psychiatric injury and emotional distress." Pretrial Conference Report 2. The Defendant reserved the right to argue that the claimed damages were not disclosed during discovery. *Id.*

In the Plaintiff's response to the Defendant's motion, she claims that she provided the Defendant with "comprehensive evidence of her psychological damages meriting an award of compensatory damages" and with "evidence of her continuing need for medical care and vocational counseling." Pl.'s Resp. 1. She also asserts that she is "not intending to claim damages that have not been disclosed during discovery" and that the Economic Report "includes financial calculations that are inclusive of damages stemming from her loss of benefits." *Id.* at 1-2.

The Plaintiff fails to show where in her prior disclosures she identified $5,000 in medical expenses. Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires a true computation of the damages a plaintiff will seek early in the discovery process, not an after-the-fact approximation. Where a plaintiff seeks redress for specific medical expenses, one would expect the "documents or other evidentiary material . . . on which [the] computation is based," Fed. R. Civ. P. 26(a)(1)(A)(iii), to be actual bills

4

or receipts for services received or hard-and-fast estimates of the cost of future services. Here, the Plaintiff never provided the Defendant with a computation of medical expenses, nor did she make available concrete documentation of any such expenses.

The Plaintiff has offered no excuse for this omission. Because this suit is about to go to trial, the Defendant can no longer use the discovery process to investigate whether the medical expenses the Plaintiff seeks to recover are valid. Accordingly, the Plaintiff's lapse is neither "substantially justified" nor "harmless." Fed. R. Civ. P. 37(c). Accordingly, the Court will not permit the Plaintiff to enter evidence not yet disclosed to the Defendant to support her claim that she is entitled to monetary damages for specific medical expenses she has incurred or will incur.

This does not mean that the Plaintiff is barred from entering evidence of her psychological damages or medical treatment for any another valid purpose. Nor is the Plaintiff barred from claiming damages she properly disclosed to the Defendant during discovery, whether in the Economic Report or other discovery exchanged by the parties, such as the value of the benefits she lost as a result of the Defendant's alleged discrimination. The Court intends this order to be a narrow one.

In sum, the Court **GRANTS** the Defendant's motion to preclude the Plaintiff from entering evidence at trial not disclosed to the Defendant prior to the close of discovery for the purpose of establishing that she is entitled to monetary damages

for specific medical expenses she incurred or will incur because the Defendant caused her psychiatric injury and emotional distress.

SO ORDERED.

/s/ Nancy Torresen<br>
United States District Judge

Dated this 23rd day of October, 2013.