## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| CINDY L. KIROUAC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2:11-cv-00423-NT |
| ) | |
| PATRICK R. DONAHOE, ) | |
| Postmaster General, United States ) | |
| Postal Service, ) | |
| ) | |
| Defendant. ) | |

### ORDERS ON MOTIONS IN LIMINE

Before the Court are three motions: (1) the Plaintiff's Motion In Limine to Exclude Evidence Concerning Details of Childhood Sexual Abuse (ECF No. 145) ("**First Motion**"); (2) the Plaintiff's Motion In Limine To Exclude Evidence Concerning the Postmaster's Spouse (ECF No. 147) ("**Second Motion**"); and (3) the Defendant's Motion In Limine to Preclude Evidence of a January 8, 2008 Settlement Demand (ECF No. 151) ("**Third Motion**"). For the reasons stated below, the Court **RESERVES RULING** on the First Motion and the Third Motion, but **GRANTS** the Second Motion.

In the First Motion, the Plaintiff seeks to "exclude evidence concerning details of the specific acts of sexual abuse suffered by the Plaintiff as a child." First Mot. 1. The Plaintiff concedes that the general facts about the abuse may be relevant to her claim that the Defendant caused or aggravated her mental health problems, but contends that more specific details are not relevant and should therefore be excluded under Federal Rules of Evidence 401 and 402. *Id.* at 1-3; *see*

*also* Fed. R. Evid. 401 (defining relevant evidence); Fed. R. Evid. 402 (excluding irrelevant evidence). The Plaintiff clarifies that she "is not seeking to exclude evidence that she was sexually abused between ages four and twelve, the approximate frequency of the abuse or of the nature of her relationship to the perpetrator." First Mot. 2-3. The Defendant concurs that more specific information is likely immaterial, but argues that "it is not entirely clear what [the] Plaintiff means by 'details,'" so the issue is not yet ripe for a decision. Def.'s Resp. to First Mot. (ECF No. 161). The Court agrees, and so reserves ruling until, and if, the issue is raised at trial.

In the Second Motion, the Plaintiff seeks to exclude evidence that Postmaster David St. Andre's spouse was named by the White House as a "Champion of Change" for her performance as the principal of an elementary school in Lewiston, Maine. Second Mot. 1-2. The Plaintiff contends that the evidence is irrelevant under Federal Rules of Evidence 401 and 402. Second Mot. 2. The Defendant essentially concedes that the achievements of the Postmaster's spouse are not relevant to this case. *See* Def.'s Resp. to Second Mot. 1 (ECF No. 154). The Court agrees, and so grants the Second Motion.

In the Third Motion, the Defendant seeks to preclude the Plaintiff from offering evidence at trial regarding a settlement demand made by letter by the Plaintiff's attorney, Robyn March, on January 8, 2008. Third Mot. 1. In the demand letter, Attorney March offered to settle the Plaintiff's complaint if the Defendant paid attorney fees and $75,000 in compensatory damages and ensured certain work

conditions, including that the Plaintiff would receive "equal treatment" from the Lewiston Post Office's management, that a particular supervisor would not be assigned to oversee the Plaintiff except in emergency situations, that the Lewiston Post Office would reasonably accommodate the Plaintiff's disabilities, and that the Lewiston Post Office's managers and supervisors would receive training in disability and gender discrimination compliance. Decl. of Anna V. Crawford Ex. 1 at 1-2 (ECF No. 152-2) ("**Demand Letter**").

The Defendant contends that evidence regarding the Demand Letter should be excluded under Federal Rule of Evidence 408, which prohibits the introduction of certain evidence concerning compromise offers and negotiations "either to prove or disprove the validity or amount of a disputed claim . . . ," under Federal Rules of Evidence 401 and 402, which prohibit the introduction of irrelevant evidence, or under Federal Rule of Evidence 403, which grants the Court discretion to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues [or] misleading the jury . . . ." Third Mot. 4-6. The Defendant also argues that "to the extent [the] Plaintiff intends to offer evidence of other similar communications between her lawyer and the Postal Service lawyers, the Court should likewise preclude evidence of those communications for the same reasons." *Id.* at 6.

The Plaintiff responds that she has no intention of entering the Demand Letter into evidence. Pl.'s Resp. to Third Mot. 1 (ECF No. 182). She contends that the accommodation terms included in the Demand Letter were also conveyed to the

Defendant in other discussions "separate and distinct from settlement communications" and that Federal Rule of Evidence 408 does not apply to those communications, as they were not made in the course of settlement negotiations. *Id.* at 1-2. The Plaintiff also argues that the Defendant has failed to specify with any precision which communications should be excluded or why. *Id.* at 1-2.

      Based on the parties' limited briefing of the issues, it appears unlikely the Plaintiff will enter the Demand Letter into evidence. Because it is not yet clear what constitutes a "similar communication[ ]" and whether such communications are relevant, the Court reserves ruling until, and if, the issue is raised at trial.

SO ORDERED.

                                      /s/ Nancy Torresen
                                      United States District Judge

Dated this 24th day of October, 2013.