UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CINDY L. KIROUAC, | ) |
|        Plaintiff, | ) ) |
| v. | ) ) Docket No. 2:11-cv-423-NT |
| PATRICK R. DONAHOE, *Postmaster General, United States Postal Service,* | ) ) ) ) ) |
|        Defendant. | ) |

**REPORT OF CONFERENCE OF COUNSEL
AND ORDER**

On October 29, 2013, the Court held a conference of counsel regarding the parties' objections to deposition designations, the parties' exhibit lists, and various evidentiary issues likely to be raised at trial. Robyn G. March, Esq. and John F. Lambert, Jr., Esq. appeared on behalf of the Plaintiff and Evan J. Roth, Esq. appeared on behalf of the Defendant.

With respect to the deposition designation objections and exhibit lists, the parties clarified for the Court the formatting of their objections and explained a technical issue likely to arise concerning duplicate exhibits listed by the Plaintiff.

With respect to evidentiary issues likely to be raised at trial, the Court conferred with counsel on the details of the Plaintiff's childhood sexual abuse the Defendant may attempt to enter into evidence; the admissibility of a March 18, 2009 collective bargaining arbitration decision which determined the Defendant had "just cause" to terminate the Plaintiff; the admissibility of a February 2008 work

restriction letter authored by Dr. Ronald Campbell, which the Defendant purports the Postal Service never received; the likelihood that Attorney March will be a witness at trial; and the propriety of allowing Attorney March to represent the Plaintiff before the jury if she is a witness at trial.

Having considered the matters discussed at the conference, the Court sets the following new pretrial deadlines:

1. Presentation of a joint consolidated exhibit list to the Court: **Friday, November 1, 2013**. As the Court ordered on August 7, 2013:

   > Counsel shall jointly prepare a consolidated and comprehensive list of all exhibits to be offered at trial. As to each listed exhibit, the list shall concisely describe it, identify it by identification marking, note the sponsoring party, and indicate whether the sponsoring party expects to offer it in evidence or may offer it if the need arises and whether objection is anticipated, and, if so, on what basis.

   Report of Final Pretrial Conference and Order 6 (ECF No. 143). In the process of creating this list, the Plaintiff shall remove all "duplicate" exhibits, but otherwise retain the numbering of the draft exhibit list already presented to the Defendant. So, for example, if Plaintiff's Exhibits 1 and 7 are duplicates, Exhibit 7 should be removed from the exhibit list but Exhibit 8 should remain labeled as Exhibit 8 rather than being renumbered as Exhibit 7. In the entry for Exhibit 7, the Plaintiff shall include a cross-reference, such as, "now found at Exhibit 1."

2. Additional briefing regarding the factors discussed in *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1973), including which party bears the burden of establishing the factors: **Friday, November 1, 2013**. Each party may submit a brief.

3. Parties meet and confer regarding which, if any, details of childhood sexual abuse in Dr. Donald Meyer's report the Plaintiff finds objectionable and present any disagreements to the Court: **Friday, November 1, 2013**.

4. Briefing regarding the admissibility of the contested work restriction letter authored by Dr. Campbell in February 2008: **Tuesday, November 4, 2013**. Each party may submit a brief.

5. Briefing regarding the likelihood that Attorney March will be a witness at trial and what action the Court should take if she is: **<u>Wednesday, November 5, 2013</u>**. Each party may submit a brief.

All other existing pretrial deadlines remain in place.

**SO ORDERED.**

                                                                   /s/ Nancy Torresen  
                                                                  United States District Judge

Dated this 30th day of October, 2013.