UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CINDY L. KIROUAC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 2:11-cv-00423-NT |
| | ) | |
| PATRICK R. DONAHOE, | ) | |
| *Postmaster General, United States Postal Service,* | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON THE DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF HER SON'S RECENT LEGAL PROBLEMS**

Before the Court is the Plaintiff's motion in limine ("**Plaintiff's Motion**") (ECF No. 146) to preclude the Defendant from entering evidence relating to her son's allegedly illegal conduct which occurred after June of 2008. For the reasons detailed below, the Court **DENIES** the Plaintiff's motion.

The Plaintiff's son, "G.K.," was born on September 13, 1988. Pl.'s Mot. 2. At age twelve, he was struck by a car while riding his bicycle and suffered a traumatic brain injury, which later caused him to struggle with impulse control and aggression. *Id.* In the years following, G.K. had several run-ins with the law. *Id.* In 2005, he was arrested for possession of tobacco as a minor. *Id.* In April of 2008, he was arrested for possession of marijuana. *Id.* In 2010, he was arrested for disorderly conduct. *Id.* In 2011, while he lived in the same residence as the Plaintiff, he was arrested for domestic violence after an incident in the home. *Id.*; Opp'n to Pl.'s Mot.

In Limine To Exclude Evidence of Legal-Related Conduct of Her Son That Post-Dates June 2008 at 7-8 (ECF No. 180) ("**Defendant's Opposition**").

The Plaintiff's broad motion requests the Court to issue an order "excluding documentary and testimonial evidence concerning the [P]laintiff's son's conduct relating to any legal issues following June 2008," when the Plaintiff's employment at the Lewiston Post Office ended. She contends that the evidence is either irrelevant and therefore should be excluded under Federal Rules of Evidence 401 and 402, or that the evidence's probative value is substantially outweighed by the danger of unfair prejudice and should therefore be excluded under Federal Rule of Evidence 403.

As her motion notes, the Plaintiff's own complaint alleges that the Defendant's actions "caused and/or aggravated her [mental health conditions]" and that "as a result . . . , she is medically unable to return to employment with the USPS and has . . . sustained a reduction of her work capacity." Pl.'s Mot. 1. The cause of the Plaintiff's ongoing emotional distress damages is at issue, not just the portion of those damages that occurred before June 2008. Evidence tending to show her current injuries were caused by something other than the Defendant's discriminatory conduct—such as her son's violent behavior in her own home—easily survives the Plaintiff's relevancy challenge.

The Plaintiff's unfair prejudice challenge is a closer call, but only slightly. No one is accusing the Plaintiff of breaking the law or attacking anyone. While there may be a small risk that the jury will improperly cast aspersions on the Plaintiff

2

because of her son's conduct, that danger is slight compared to the possible probative value of the evidence.

    For these reasons, the Court **DENIES** the Plaintiff's motion.


SO ORDERED.

                                                   /s/ Nancy Torresen
                                                 United States District Judge

Dated this 30th day of October, 2013.