**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| CINDY L. KIROUAC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 2:11-cv-00423-NT |
| | ) |
| PATRICK R. DONAHOE | ) |
| *Postmaster General, United States* | ) |
| *Postal Service,* | ) |
| | ) |
| Defendant. | ) |

**ORDER ON OBJECTION TO FEBRUARY 26, 2008 LETTER CONTAINING WORK RESTRICTIONS**

The parties dispute the admissibility of one of two letters dated February 26, 2008 authorizing Plaintiff Cindy L. Kirouac's return to work. Both are on Dr. Campbell's letterhead and bear his signature. The first letter referred to numerous work restrictions found at "Section 58 of Page 12 of the 'Resolution of EEO Claim'" and apparently was accompanied by a copy of the Section 58 restrictions. Consent Mot. to Seal Def.'s Campbell Br. and Ex. Attach. 2 (ECF No. 228-2) ("**Letter With Restrictions**"). The second letter removed the reference to Section 58 and authorized Kirouac's return to work without restrictions. Mot. to Preclude Evidence of Jan. 8, 2008 Settlement Demand Attach. 3 (ECF No. 152-3) ("**Letter Without Restrictions**").

The parties do not dispute that Dr. Campbell prepared both letters. Dr. Campbell remembered receiving the Section 58 conditions either from the Plaintiff or the Plaintiff's attorney, Robyn G. March. Consent Mot. to Seal Campbell Tr.

Attach. 1 at 114:22; 118: 12 (ECF No. 195-1) ("**Campbell Tr.**"). Although the language of the restrictions was provided by Attorney March, Dr. Campbell indicated that he reached an independent conclusion that the conditions were reasonable or helpful to Kirouac as working conditions. *Id*. at 118:19. Dr. Campbell, after having his memory refreshed with a telephone message slip dated February 27, *see* Consent Mot. to Seal Campbell Tr. Attach. 2 (ECF No. 195-2), indicated that he removed the Section 58 restrictions at the request of Kirouac's attorney and produced the Letter Without Restrictions. Campbell Tr. 119:17 through 120:14. Dr. Campbell could not recall why Kirouac's attorney requested the change. *Id*.

Dr. Campbell also could not recall what he did with the Letter With Restrictions, testifying as follows:

> [S]ince it doesn't have a heading of a person, I doubt that it was mailed and I'm imagining that it was something that was given to Cindy that she may have come the next day to pick up or some subsequent time soon thereafter soon after a visit.

Campbell Tr. 46:22 through Page 47:2. The Defendant acknowledges receipt of the Letter Without Restrictions but not the Letter With Restrictions, and represents to the Court that the "official Postal Service medical file does not include the [Letter With Restrictions]." Consent Mot. to Seal Def.'s Campbell Br. and Ex. Attach. 1 at 8. (ECF No. 228-1) ("**Def.'s Br.**").

In order to lay a proper foundation, the Plaintiff must establish that the letter was sent to the Defendant. *See* Fed. R. Evid. 104(b). Unless the Plaintiff can establish that the Letter With Restrictions was sent to the Post Office, it has no relevance. *See* Fed. R. Evid. 401. Plaintiff's counsel, Attorney March, avers that she

2

received the Letter With Restrictions and forwarded it to the Postal Service's counsel, Anna Crawford. Pl.'s Br. Concerning Likelihood that Pl.'s Counsel Will Be a Witness at Trial Attach. 1 at ¶¶ 3-4 (ECF No. 235-1) ("**March Aff.**"). Attorney March, however, is trial counsel. And therein lies the rub.

> Rule 3.7(a) of the Maine Rules of Professional Conduct provides as follows:
>
> A lawyer shall not act as advocate at a tribunal in which the lawyer is likely to be a necessary witness unless:
>
>> (1) the testimony relates to an uncontested issue;
>>
>> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>>
>> (3) disqualification of the lawyer would work substantial hardship on the client.

M.R. Prof. Conduct 3.7(a). Though Attorney March indicates that she received an informal opinion from the Board of Bar Overseers suggesting that the substantial hardship exception to Rule 3.7 might apply to this situation, March Aff. ¶ 5, the Court sees the matter differently. As the commentary to Rule 3.7 indicates, "[t]he tribunal has proper objection when the trier of fact may be confused or misled by a lawyer serving as both advocate and witness." M.R. Prof. Conduct 3.7 cmt. 2. The First Circuit addressed this issue in depth in *Ahern v. Scholz*, 85 F.3d 774 (1st Cir. 1996), explaining as follows:

> There are significant reasons why trial counsel should not be able to testify at trial, no matter for which party counsel testifies. "The principal ethical considerations to a lawyer testifying on behalf of his client regarding contested issues are that the client's case will 'be presented through the testimony of an obviously interested witness who is subject to impeachment on that account; and that the advocate is, in effect, put in the unseemly position of arguing his own

3

credibility.'" *Siguel v. Allstate Life Ins. Co.,* 141 F.R.D. 393, 396 (D. Mass. 1992) (quoting ABA Comm. on Ethics and Professional Responsibility, Formal Op. 339 (1975)). "Combining the roles of advocate and witness can prejudice the opposing party and can involve a conflict of interest between lawyer and client." Model Rules of Professional Conduct Rule 3.7 cmt. 1.[1] When the attorney is called to the stand by his client's opponent, the concerns are just as substantial, if not more. *See Siguel,* 141 F.R.D. at 396 ("Although there are degrees of adverse testimony, there are few, if any, situations that justify acceptance or continued employment in this circumstance.") . . . Finally, there is also the danger that the performance of the dual roles of counsel and witness will create confusion on the jury's part as to when the attorney is speaking as a witness, "raising the possibility of the trier according testimonial credit to the [attorney's] closing argument," *United States v. Johnston,* 690 F.2d 638, 643 (7th Cir. 1982)—or, conversely, weighing the testimony as if it were argument.

*Ahern*, 85 F.3d at 791-92 (alterations in the original, block quote converted to in-line quote for clarity).

Although briefing on this issue was requested and received, the Court is still in the dark as to whether the Plaintiff has any witness other than herself who could provide the necessary foundation. The Plaintiff indicates that she intends to call Anna Crawford, the EEO lawyer for the Postal Service, who could presumably testify as to whether she received the Letter With Restrictions. However, if Crawford testifies that she did not receive the letter, then Plaintiff's counsel is apparently in the unfortunate position of being the only person with knowledge who could contradict Crawford.

The Plaintiff points the Court to an August 6, 2012 e-mail from Attorney Roth to an e-mail address at the domain dinneent.com which the Plaintiff claims

---

[1] Comment 1 to Rule 3.7 of the Maine Rules of Professional Conduct includes language virtually identical to the commentary to the Model Rules of Professional Conduct that the First Circuit quotes here.

4

confirms that the Postal Service received the Letter With Restrictions. Pl.'s Objections to Def.'s Dep. Designations and Resp. to Def.'s Objections to Pl.'s Dep. Designations Attach. 1 (ECF No. 201-1). In the e-mail, Attorney Roth states, "here is a letter that Cindy Kirouac's lawyer (Robyn March) provided to the Postal Service lawyers in the course of an attempt to resolve the case at the administrative level." *Id*. Attached to the e-mail are three PDF files: (1) one titled "2008 01 08 Robyn letter to Anna.pdf," apparently the letter Attorney Roth was referring to in the body of the e-mail; (2) one titled "2008 02 26 Campbell letter re Section 58 terms WITH ATTACHMENT.pdf," apparently the Letter With Restrictions; and (3) one titled "2008 2 26 Campbell letter IN MEDICAL FILE WITHOUT EEO reference.pdf, apparently the Letter Without Restrictions. *Id.*

In order to interpret the Roth e-mail, a bit of background is necessary. Attorney March sent a letter on January 8, 2008 to Attorney Crawford, which included the exact same terms that were later incorporated into the Letter With Restrictions. Mot. to Preclude Evidence of Jan. 8, 2008 Settlement Demand Attach. 2 (ECF No. 152-2). The Roth e-mail does not suggest that the Letter With Restrictions was received by the Postal Service. Rather, it acknowledges that the Postal Service received Attorney March's January 8, 2008 letter.

Finally, the Plaintiff points to an e-mail dated March 3, 2008, in which Lewiston Postmaster David St. Andre writes to Postmaster Investigator Kevin Clark that "Cindy's latest medical documentation states that she cannot return to work until the 'hostile environment' has been eliminated." Pl.'s Objections to Def.'s

5

Dep. Designations and Resp. to Def.'s Objections to Pl.'s Dep. Designations Attach. 2 (ECF No. 201-2). The Plaintiff argues that "the original February 26 letter was the only release prepared during this time period referencing the issue of a hostile work environment." Pl.'s Br. in Opp'n to the Exclusion of Dr. Ronald Campbell's Original Feb. 26, 2008 Work Release 3 (ECF No. 233). The problem with this argument is that the Letter With Restrictions did not use the term "hostile work environment." Although St. Andre might be referring to Dr. Campbell's Letter with Restrictions, the Court finds that this e-mail does not in itself lay a sufficient foundation for the jury to conclude that the Letter With Restrictions was sent. There were negotiations pertaining to an EEO claim that were going on in the same time frame, and the jury would have to speculate to conclude that the e-mail's contents referred to the Letter With Restrictions and not to these other negotiations.

The Plaintiff argues that the Letter With Restrictions is a critical piece of evidence because it triggered the Postal Service's duty to engage in an interactive process requiring the employer to discuss reasonable accommodations. The Court would emphasize that the "restrictions" contained in the Letter With Restrictions are identical to the "conditions" contained in Attorney March's January 8, 2008 letter to the Postal Service. There is no requirement that a doctor request an accommodation. Whether the request for accommodations came through Dr. Campbell or through the Plaintiff's lawyers seems a minor point, particularly when,

6

subsequent to both of those communications, Attorney March provided the Postal Service Dr. Campbell's Letter Without Restrictions.

The Court concludes that there has been insufficient foundation laid to allow the introduction of the Letter With Restrictions, and, accordingly, instructs the Plaintiff to edit the video of Dr. Campbell's deposition to remove references to the Letter With Restrictions[2] and to refrain from referring to the Letter With Restrictions in her opening statement. However, the Court will revisit the issue if the Plaintiff can lay a proper foundation for the Letter With Restrictions, whether through Attorney Crawford's testimony or in some other fashion. The Court recommends to counsel that two versions of the video of the Campbell deposition be created, so that any further adjustment to the videotape, if needed, does not delay the trial. Furthermore, the Court puts Attorney March on notice that she may act as either trial counsel or a witness, but not both. If the Plaintiff deems Attorney March's testimony regarding the mailing of the Letter With Restrictions to be so essential, then she will need to find alternate counsel to try her case.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 6th day of November, 2013.

---

[2] The parties should remove those references identified by the Court in its Order on Objections to Dr. Campbell's Designated Deposition Testimony (ECF No. 239) and advises the parties to review the Campbell transcript carefully since some references to the Letter With Restrictions were not flagged by the parties.

7